IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JAMES TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 4:22-cv-37 |
| | ) | |
| vs. | ) | |
| | ) | |
| THE RED PEPPER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, James Taylor, by counsel, and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, James Taylor (hereinafter "Plaintiff" or "Taylor"), is a resident of Jefferson County in the State of Indiana and a former employee of Defendant.

2. Defendant, The Red Pepper, Inc. (hereinafter collectively "The Red Pepper" or "Defendant"), is an employer as defined by the Americans with Disabilities Act, as amended 42 U.S.C. §12101, and the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et. seq.*, which conducts business in the State of Indiana.

3. Taylor filed a Charge of Discrimination (Charge No. 470-2021-03183) with the Equal Employment Opportunity Commission on or about June 8, 2021, *inter alia*, alleging that Defendant violated the Americans with Disabilities Act, as amended 42 U.S.C. §12101, and the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et. seq.*

4. The Equal Employment Opportunity Commission issued to Racine a 90-day Right to Sue letter on February 28, 2022.

5. Taylor invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

### GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff, a fifty-seven (57) year old who suffers from a disability, namely anxiety disorder and depression.

8. Plaintiff was employed by the Defendant as its manager since 2016.

9. When Plaintiff accepted the manager position in 2016, he requested a reasonable accommodation, asking that he receive no sudden emergency texts or phone calls, all conversations be calm and without accusations, and that he not be called on his days off.

10. In early 2021, Defendant's owner, Lori Heitz, began to intentionally antagonize Taylor in order to exacerbate his anxiety.

11. On or about March 10, 2021, was told by his staff that the Defendant's owners were at the store and undermining his authority, which caused Taylor to have an anxiety attack.

12. Taylor immediately reported to the store and Ms. Heitz began yelling at Taylor.

13. When Taylor explained that he was having an anxiety attack, Heitz told him that he should just go because she was tired of him.

14. Taylor reached out to Mr. Heitz who replied via tex, "WTF! Do I have to manage this place?"

15. Taylor called Mr. Heitz to explain that he was suffering severe anxiety, and Heitz told Plaintiff that he probably should not be doing the job given his age and anxiety.

16. Plaintiff was constructively discharged on or about March 31, 2021.

## Count I
## Age Discrimination

17. Plaintiff incorporates by reference Paragraphs one (1) through sixteen (16) above.

18. Plaintiff, a fifty-seven (57) year old male is over the age of forty and thus a member of a protected class.

19. Plaintiff met all of Defendant's legitimate performance expectations.

20. Defendant discriminated against Plaintiff on the basis of his age when it harassed him and created a hostile work environment based on his age.

21. Plaintiff was treated less favorably than the younger employees who were not ridiculed and mistreated because of their age.

22. Taylor's age was the motivating factor in Defendant's treatment of him, thereby leading to his constructive discharge.

23. As a result of the foregoing, Taylor suffered damages, including but not limited to, lost wages and benefits, liquidated damages and attorney fees.

24. The Defendant's actions are in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, liquidated damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## II
## Disability

25. Plaintiff incorporates by reference paragraphs one (1) through twenty-four (24) above.

26. Plaintiff suffers from disabilities and/or perceived disabilities that affect one or more of his major life activities, specifically Plaintiff suffers from anxiety disorder and depression.

27. Plaintiff was able to perform all of the essential functions of his original job with or without reasonable accommodation.

28. Rather than accommodate Plaintiff, Defendant exacerbated his anxiety disorder and depression by criticizing him, yelling at him, sending him angry and offensive texts, and telling Plaintiff that he should not be a manager at their store.

29. Plaintiff was treated less favorably than similarly situated non-disabled employees who were not harassed and discriminated against.

30. As a result of the foregoing, Taylor suffered damages, including but not limited to, lost wages and benefits, liquidated damages and attorney fees.

31. The Defendant's actions are in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, compensatory damages, punitive damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22714-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 W Smith Valley Road, Ste. B
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax